IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD CLEARY,

    Plaintiff,

vs.                                  CASE NO. CV-01-J-1393-S

OGIHARA AMERICA CORPORATION,
and ANNETTE SCOTT,

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendant Annette Scott's motion for summary judgment (doc. 19), memorandum and evidence in support thereof (20), to which the plaintiff has not responded. The court has reviewed all of the pleadings and the evidence and memorandum submitted in support of the motion.

### I. Factual Background

The plaintiff sues Ogihara America Corporation ("Ogihara"), his former employer, for race discrimination under Title VII, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. The plaintiff also sues defendant Scott for defamation. Complaint at ¶¶ 1, 5, 25-26. The plaintiff asserts that defendant Scott's allegations that plaintiff sexually harassed her, made in a complaint she filed against Ogihara, were untrue. Complaint at ¶ 25. *See Scott v. Ogihara*, CV01-BU-1060-S. The plaintiff alleges that defendant Scott's claims of sexual harassment were false, unfounded, and made maliciously with the intent to disgrace, ridicule and harm the reputation of the plaintiff. Complaint at ¶¶ 25-26.



Defendant Scott filed a motion for summary judgment alleging that statements made in court pleadings are absolutely privileged from claims for defamation, that such allegations were not maliciously made, and that, at any rate, her claims of sexual harassment were true. Thus, the defendant alleges there is no genuine issue as to any material fact and she is entitled to judgment as a matter of law.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of*

2

*Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987).

### III. Legal Analysis

In the light most favorable to the non-moving party, the court finds that the facts relevant to this motion are not in dispute. Plaintiff and defendant Scott both worked for defendant Ogihara. Defendant Scott accused plaintiff of sexual harassment. Defendant Ogihara fired both Scott and plaintiff. Plaintiff's Answer to defendant's counterclaim (doc. 12) at ¶ 7; Scott's Charge of Discrimination, submitted as defendant exhibit 2. Scott sued Ogihara under Title VII for the alleged harassment by plaintiff. Complaint at ¶ 25; *see* Complaint in CV01-BU-1060-S, submitted as defendant exhibit 1. Plaintiff claims Scott's allegations in her lawsuit were false and defamatory to him.[1] Complaint at ¶ 25.

In order to prove defamation, the plaintiff must establish: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement. *McCaig v. Talladega Publishing Co., Inc.,* 544 So.2d 875 (Ala.1989).

While the plaintiff, in his complaint, asserts the allegations of sexual harassment were false, and defendant Scott, in her complaint, asserts the allegations were true, the court finds

---

[1] The court does not consider the merits of plaintiff's Title VII and § 1981 claims against defendant Ogihara as those are not currently before the court.

that it does not need to resolve the question of the truth of these statements as the plaintiff has failed to allege the existence of an "unprivileged communication" of the statement to a third party. The plaintiff's complaint states that "These allegations were publicized on April 27, 2001 when **SCOTT** filed a lawsuit in the United States District Court for the Northern District of Alabama, CV-01-BU-1060-S (emphasis in original)." Complaint at ¶ 25. No other allegation of publication or communication is made by the plaintiff.

The law regarding defamatory comments made in court pleadings has been explained as follows:

> There is another class of privileged communications where the privilege is absolute .... In this class are included slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and ... libelous charges in pleadings, prosecution or defense of an action. In questions falling within this absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege ... extends only to such matters as are relevant or material to the litigation ....

*Walker v. Majors*, 496 So.2d 726, 729 (Ala.1986); citing *O'Barr v. Feist*, 292 Ala. 440, 446, 296 So.2d 152, 157 (Ala.1974).

> In defamation actions, the only absolutely privileged communications recognized under the law are those made during legislative or judicial proceedings .... It is equally well-established that whether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of law to be decided by the court (internal citations omitted).

*Walker*, 496 So.2d at 730, citing *O'Barr*, 292 Ala. at 445, 296 So.2d at 156. Clearly, defendant Scott's allegations in her complaint are matters "relevant or material" to her Title

VII action against defendant Ogihara. This determination is both a matter of law and dispositive of the plaintiff's claim against defendant Scott.

## IV. Conclusion

The plaintiff have failed to present any evidence to this court that defendant Scott published a defamatory statement about him outside of a judicial proceeding, the court finds that defendant Scott is entitled to judgment as a matter of law as there is no genuine issue of material fact. Therefore, the Court **GRANTS** defendant Scott's motion for summary judgment.

**DONE** and **ORDERED** this the ___14___ day of January, 2002.

_____<br>
INGE P. JOHNSON<br>
UNITED STATES DISTRICT JUDGE

5